

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. E. Patterson
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. O-4650
Re: Under Article 3106, Vernon's
Annotated Civil Statutes, can
the county executive committee
order a runoff for a primary
election in one voting precinct
only?

We have your telegram of recent date requesting the opinion of this department on the above stated question, which telegram reads as follows:

"Under Article 3106 RCS can county executive committee order a run off for primary in one voting precinct only, where there is a necessity for a run off only in said one voting precinct. In other words there are no opponents for local candidates except in one voting box where there are eight candidates. Please reply promptly before committee meets again Monday, June 22nd."

Article 3106, Vernon's Annotated Civil Statutes, reads as follows:

"The county executive committee shall decide whether the nomination of county officers shall be by majority or plurality vote, and, if by a majority vote, the committee shall call as many elections as may be necessary to make such nomination, and in case the committee fails to so decide, then the nomination of all such officers shall be by a plurality of the votes cast at such election."

Article 3102, Vernon's Annotated Civil Statutes, provides in part:

". . . Any political party may hold a
second primary election on the fourth Satur-
day in August to nominate candidates for any
county or precinct office, where a majority
vote is required to make nomination; but at
such second primary, only the two candidates
who received the highest number of votes at
the general primary for the same office shall
have their names placed upon the official bal-
lot. . . ."

In view of Article 3105 and Article 3106, supra,
it is apparent that the county executive committee can decide
whether the nomination of county and precinct officers shall
be by majority or plurality vote. (See the following cases:
Cliett v. Williams, 97 S. W. (2d) 272; Anderson v. Aldrich,
120 S. W. (2d) 605; Dunagan v. Jones, 76 S. W. (2d) 219; Wag-
ner v. Yates, 119 S. W. (2d) 175; Sartin v. Hudson, 143 S. W.
(2d) 817.)

It is stated in Wagner v. Yates, supra, that:

"It is clear that where the executive com-
mittee, at the proper time and prior to the first
primary, provides for the nomination of county
and precinct officers by majority vote (Article
3106, R. S., 1925) no person can be declared to
be the nominee of his party for a county or
precinct office, unless that person receives a
majority of the votes in the first primary."

After carefully considering Article 3106, supra, and
the above mentioned cases, it is our opinion that the county
executive committee is not authorized to provide for the nom-
ination of some county and precinct officers in a county by
majority vote and further provides for the nomination of other
county and precinct officers of said county by a plurality
vote. In answer to your question, as stated above, it is our
opinion that the county executive committee must decide and
determine whether or not the nomination of all county and pre-
cinct officers shall be by a majority or a plurality vote.

Under the facts stated, it is apparent that only one
precinct has more than two candidates for precinct offices and
if the county executive committee provides that nomination
shall be by a majority vote, a second primary election will
be necessary. However, as indicated by your telegram, there

will be no necessity for a second primary, except in the precinct mentioned, which has eight candidates for a precinct office, although the county executive committee provides that nomination for all county and precinct officers shall be by a majority vote; however, in connection with the foregoing and with reference to a second primary election for state officers, etc., we direct your attention to our opinion No. O-4040, and enclose a copy of the same.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 18, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:CO

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN